## McKay v. State of Indiana.

[No. 26,578. Filed October 19, 1936. Rehearing denied December 14, 1936.]

*Hickey, Church & Littlefield,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *James D. Sturgis,* Deputy Attorney-General, for the State.

HUGHES, C. J.—The appellant was charged by affidavit with the crime of grand larceny. He was tried by a jury and found guilty of petit larceny. He assigns as error the overruling of his motion for a new trial. In his motion for a new trial four reasons are assigned. The first and second being that the court erred in the admission of certain evidence, but as neither of these reasons are set out under propositions, points, and authorities the same are waived. The third reason assigned is that the verdict is contrary to law and the fourth reason is that the verdict is not sustained by sufficient evidence.

The affidavit charged that the appellant and one William S. French stole a steam boiler of the value of $50.00, and a concrete mixer of the value of $25.00, the property of one Patrick Deady.

The appellant presents and relies upon two propositions. The first being that:

"There was no evidence that appellant stole, took and carried away the concrete mixer and the iron boiler, same being the property of one Patrick Deady."

The second being that:

"The appellant was found guilty of an offense of Grand Larceny of a concrete mixer and an iron boiler and the evidence fails to sustain the charge as laid in the indictment. The evidence shows he was found guilty of grand larceny of scrap iron, if guilty of anything. And this is not charged in the affidavit."

Under the second proposition the appellant is in error in saying that he was convicted of grand larceny. The record shows that he was convicted of petit larceny.

The evidence shows that Patrick F. Deady owned an old factory building in Terre Haute and that there was a steam boiler and concrete mixer in the building; that the appellant and one French had a conversation with Deady and made a proposition to buy the building. Later the parties had another conversation and McKay asked permission to put some trucks in the building and Deady gave him permission to do so. Within a few days part of the roof was torn off and a partition in the building torn out and taken away, including ráfters and siding and the concrete mixer and boiler. The evidence shows that Deady never sold or leased the building to McKay or French or gave them permission to go in the building where the boiler and concrete mixer were stored. The evidence further shows that the appellant and French were around the building at different times and that French, L. Martin, a junk dealer, and Grover Mattox hauled the boiler and mixer away from the building and also took some scrap iron. Martin testified that he was acquainted with McKay and French and that they came to his place of business; that French told him about some iron he had to sell and that he and McKay had bought a building on North 6th or 6½ Street, Terre Haute, and that they had some junk to sell. French and Martin went to the building to look at the iron. French showed him the boiler and concrete mixer and some scrap iron and sold the same to Martin, who hauled the same to his place of business and paid French $12.00 for the lot. French gave him a receipt for the money. The evidence shows that after McKay was arrested and out on bond he made repeated trips to see Martin and attempted to talk to Martin about the property sold to him, but Martin re-

fused to talk and told McKay he would tell what he had to say on the witness stand. It is further shown that McKay talked to Deady and tried to lay all the blame on French.

French testified that he and McKay were in the trucking business for a short time; that McKay told him he had taken over the Deady building and he wanted him to clean it up. They went to the building and McKay told him what to do; that McKay told French to call up a junk man and sell the scrap iron. He called Martin and sold him the boiler, mixer, and scrap iron for $12.00 and after deducting $1.50 he gave McKay $5.00. French further testified that McKay said to him:

"Now listen French—you say that you heard Mr. Deady turn the building over to me and everything that was in it and I'll tell the same story and that will be two of us against one and we can beat the case."

The record contains much more evidence sufficient for the jury to arrive at a verdict of guilty. It was the duty of the jury and the lower court to weigh the evidence and as the record shows that there was sufficient evidence to sustain the verdict it will not be disturbed by this court. There was evidence to sustain every essential element of the offense charged against the appellant. The verdict was not contrary to law.

Judgment affirmed.